UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,                                              Case No. 1:07-CV-277

        Plaintiff,                                              Hon. Richard Alan Enslen

v.

GARY LEWIS, et al.,

        Defendants.
_____/

**ORDER**

        This matter is before the Court on Defendant Dr. Robert Migliorino's Motion to Dismiss Plaintiff's Complaint. For the reasons discussed herein, Defendant's motion is denied.

        Pursuant to Federal Rule of Civil Procedure 4(e), service can be properly effected upon an individual: (1) pursuant to the law of the state in which the district court is located; or (2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's residence with a person of suitable age and discretion or by delivering a copy of the summons and complaint to an agent authorized to accept service of process.

        Michigan law provides that service can be effected upon an individual by: (1) delivering a copy of the summons and complaint to the defendant personally; or (2) sending a summons and copy of the complaint "by registered or certified mail, return receipt requested, and delivery restricted to the addressee." MCR 2.105(A). Rule 2.105(A)(2) further provides that "[s]ervice is made when the defendant acknowledges receipt of the mail" and that "[a] copy of the

return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)."

Plaintiff has twice attempted to effect service on Defendant Migliorino via the United States mail service. On each occasion Plaintiff has mailed the material by registered and certified mail, return receipt requested, with delivery restricted to Defendant Migliorino. (Dkt. Nos. 21, 43). Notwithstanding Plaintiff's request for restricted delivery, the mail carrier has permitted "Peggy Wood" to sign for the material in question. *Id.* Defendant claims that Wood lacks the authority to accept service on his behalf. Asserting that he has not been properly served with a copy of the Summons and Complaint in this manner, Defendant seeks the dismissal of Plaintiff's Complaint.

Defendant Migliorino makes this request despite having actually received a copy of Plaintiff's Complaint, as evidenced by the Answer Defendant recently submitted. (Dkt. No. 52). The Court further notes that Defendant Migliorino has participated in discovery activity, having agreed to the terms of a recently entered protective order. (Dkt. No. 42). Defendant is not asserting that Plaintiff's failure to properly effect service in this matter implicates his constitutional right to due process or the Court's ability to exercise jurisdiction over his person. Instead, Defendant Migliorino has merely identified a technical flaw in Plaintiff's attempts to effect service upon him.

While Defendant certainly enjoys the right to have service effected upon him in a manner consistent with the applicable laws and rules, *see Friedman v. Estate of Presser*, 929 F.2d 1151, 1155-56 (6th Cir. 1991), he is not permitted to willfully evade service of process. *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996); *Mfrrs.' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 206-07 (6th Cir. 1995).

As noted above, Plaintiff has twice attempted to properly effect service on Defendant. Plaintiff can hardly be faulted for a mail carrier's refusal to comply with Plaintiff's instruction that delivery be restricted to Defendant Migliorino. The Court finds, therefore, that good cause exists to extend the time period within which Plaintiff must properly effect service on Defendant Migliorino. Specifically, Plaintiff shall be given until April 25, 2008, to properly effect service on Defendant Migliorino. Accordingly, Defendant Migliorino's Motion to Dismiss is **denied**.

As noted above, Plaintiff's attempts to effect service on Defendant Migliorino via the United States Postal Service have been unsuccessful through no fault attributable to Plaintiff. In an attempt, therefore, to facilitate proper service on Defendant Migliorino and prevent further waste of the Court's limited resources, within ten (10) days of the entry of this Order Defendant Migliorino shall perform one of the following: (1) waive the technical defect in service identified above; (2) provide Plaintiff with an alternative address at which service via the United States mail service can be properly effected; (3) authorize an appropriate individual to accept service of process on his behalf and provide the identity and address of such person to Plaintiff; or (4) provide Plaintiff with his home address so that service may be attempted there. Failure by Defendant Migliorino to comply with the terms of this Order shall result in the entry of default against Defendant Migliorino.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Migliorino's Motion to Dismiss (Dkt. No. 31) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
January 14, 2008  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE