UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT LEE BOLES, JR.,

        Plaintiff,                    Case No. 1:07-CV-277

v.                                           Hon. Richard Alan Enslen

GARY LEWIS, *et al.*,

        Defendants.

_____/

## **OPINION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Robert Lee Boles, Jr. is in the custody of the Michigan Department of Corrections ("MDOC") and, at the time relevant to his Complaint, was housed at the Ionia Maximum Correctional Facility ("ICF"). Plaintiff sues the following ICF employees: Food Service Director Gary Lewis; Food Service Supervisor Daniel Case; Corrections Officers J. Christiansen, M. Richardson, and (unknown) Tefft[1]; Resident Unit Manager B. Haynie; Hearing Officers Lorenzo Lowery, and (unknown) Jackson; and Dr. Robert Migliorino. The matter presently is before the Court on various objections filed by all parties to two Reports and Recommendations ("Reports") issued by United States Magistrate Judge Ellen S. Carmody on three pending motions: (1) Defendant Migliorino's Motion to Dismiss; and (2) Defendants Lewis, Case, Christiansen, Tefft, Richardson, Haynie,

---

[1] In his Complaint, Plaintiff spelled Defendant Tefft's name "Teft." Since that time, both Defendants and Plaintiff have used the spelling "Tefft." The Court has used "Tefft" throughout the Opinion.

Lowery and Jackson's (collectively, "MDOC Defendants") Motion for Summary Judgment; and (3) Plaintiff's Motion for Partial Summary Judgment.

**I.**

The Court will not reiterate the background facts set forth in the Report. In broad terms, Plaintiff's Complaint alleges that Defendants violated the Eighth, First and Fourteenth Amendments by failing to honor his low-sodium diet detail, refusing to allow him to use the bathroom as frequently as necessary or to provide a plastic urinal, and retaliating against him when he filed grievances about their treatment.

The Magistrate Judge recommended that Defendant Migliorino's Motion to Dismiss be denied, the MDOC Defendants' Motion for Summary Judgment be granted in part and denied in part, and Plaintiff's Motion for Summary Judgment be denied. Objections have been filed by Plaintiff, Defendant Migliorino, and the MDOC Defendants.

This Court reviews *de novo* those portions of a Report to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

**II.**

A. <u>Report and Recommendation on Motions for Summary Judgment</u>

The MDOC Defendants filed a Motion for Summary Judgment. On a motion for summary judgment filed by a party without the burden of proof, a court must consider all pleadings, depositions, affidavits and admissions and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court, however, "'need not accept as true legal conclusions or unwarranted factual

inferences.'" *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). The party moving for summary judgment has the burden of pointing the court to the absence of evidence in support of some essential element of the opponent's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Once the moving party has made such a showing, the burden is on the non-moving party to demonstrate the existence of a genuine issue for trial. *Id.* Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005), a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *see also Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit Court of Appeals repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury

would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of a plaintiff "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### 1.     Objections of MDOC Defendants

The MDOC Defendants raise three objections to the Report, which the Court will discuss in turn.

#### (a)     Objection #1

In their first objection, the MDOC Defendants argue the Magistrate Judge erred in concluding that Defendant Lewis was not entitled to summary judgment on Plaintiff's Eighth Amendment claim. Plaintiff alleged that Defendant Lewis had violated the Eighth Amendment by refusing to honor Plaintiff's detail for low-sodium meals that had been issued by a facility other than ICF, despite the fact that the detail was valid through July 20, 2004.

The MDOC Defendants contend that, because Defendant Lewis was a non-health-care employee, he was not on notice of Plaintiff's underlying health condition. They therefore argue Defendant Lewis could not be charged with deliberate indifference to an excessive risk to Plaintiff's serious medical needs. Defendant Lewis' argument is without merit.

The Magistrate Judge properly set forth the standard for an Eighth Amendment claim and properly analyzed the issue. According to Plaintiff's allegations, averments and exhibits, Defendant Lewis was aware a medical determination had been made that Plaintiff's health required a low-sodium diet. Even if Defendant Lewis was unaware of the precise nature of Plaintiff's medical

condition, he was aware a doctor had found that Plaintiff's condition required the ordered treatment, and he could infer that a substantial risk of serious harm existed in terminating the treatment without a doctor's authorization. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) ("The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'") (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Defendant Lewis was not required to know with certainty that Plaintiff would be harmed. A reasonable jury could find that, without any basis for knowing the severity of the impact of his decision, Defendant Lewis acted with reckless disregard of the consequences in terminating physician-ordered treatment. *See Farmer*, 511 U.S. at 839-40 (adopting subjective recklessness as the test for deliberate indifference under the Eighth Amendment).

        (b)       Objection #2

In their second objection, the MDOC Defendants argue Defendant Lewis was acting under the impression that, to be valid, a diet detail had to be written by a health care provider at Plaintiff's current institution, ICF. Defendants contend when Defendant Lewis was informed that a non-ICF diet detail was enforceable at ICF, Plaintiff's diet was reinstated. Defendants argue Defendant Lewis' actions were solely to implement what he believed was institutional policy. They therefore claim Defendant Lewis is entitled to summary judgment because he was not acting with the requisite recklessness and was only acting in accordance with his understanding of policy.

Defendants asked the Court to make a factual finding about Defendant Lewis' reason for denying the diet detail. As the Magistrate Judge noted, however, Defendant Lewis provides no authority for his position that he could choose not to honor a medical detail from another facility.

Indeed, MDOC policy specifically states, "[a] current Medical Detail or Special Accommodation Notice shall be valid at all facilities unless cancelled in accordance with Paragraphs K through N of this policy." MICH. DEP'T OF CORR., Policy Directive 04.06.160, ¶ O. In addition, MDOC policy requires employees with concerns about the appropriateness of the policy to report the concern through the chain of command; an employee is not permitted to unilaterally cancel a valid detail. MICH. DEP'T OF CORR., Policy Directive 04.06.160, ¶¶ L, M. While a violation of state policy is not actionable under § 1983, *see Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992), the existence of the contrary policy undermines the credibility of Defendant Lewis' explanation. As a result, a genuine issue of fact exists concerning Plaintiff's Eighth Amendment claim against Defendant Lewis.

(c)     Objection #3

The MDOC Defendants next argue the Magistrate Judge erred in denying summary judgment to Defendant Richardson on Plaintiff's claim that Defendant Richardson retaliated against him by filing misconduct charges against him on February 28, 2006 and March 1, 2006.[2] Defendants argue the affidavit of RUM Haynie explained that custody staff did not receive an official copy of the Warden's Forum Minutes, indicating that the rules regarding bathroom use during the prisoner count period had been changed, until March 13, 2006, though the minutes were signed on February 13, 2006. (*See* Haynie Aff., Dkt. No. 61-5.) Defendants therefore argue Defendant Richardson has shown that he was unaware of the rule change on the dates he wrote the misconducts.

Contrary to Defendants' argument, Haynie's affidavit, while relevant, does not conclusively determine Defendant Richardson's knowledge of the rule change prior to personally receiving the

---

[2]Plaintiff was found not guilty of the misconducts.

official minutes. Indeed, according to Haynie's affidavit, at least the draft minutes were posted before Defendant Richardson issued the misconducts in question. Plaintiff also avers that he saw the official minutes posted in the quiet room on February 27, 2006, and he told Defendant Richardson that "he hope[s] the bathroom usage issue is clear now." (Pl. Aff. ¶ 44, Dkt. No. 83 at 21.) Defendant Richardson told Plaintiff that he was not going to honor the rule. (Pl. Aff. ¶ 47, Dkt. No. 83 at 22.) Plaintiff also introduced the affidavit of Prisoner Calvin Evans, Plaintiff's Warden's Forum representative, who averred he received the official minutes on February 27, 2006 and that he and Assistant Resident Unit Supervisor Kelly placed them into the locked window for prisoner and staff review on that date. (Evans Aff., ¶ 12, Dkt. No. 83-3.) Finally, Plaintiff avers Defendant Richardson ignored his attempts to use the bathroom, laughed at Plaintiff's being forced to urinate on himself and ordered Plaintiff back to his cell, suggesting that Defendant Richardson's real motivation was malicious. Plaintiff has provided sufficient evidence to create a genuine issue of material fact on the question of whether Defendant Richardson was aware of the policy change and whether he had retaliatory motive for writing the misconducts.

### 2. Plaintiff's Objections

Plaintiff raises eight objections to the Report. The Court will address each objection in turn:

#### (a) Objection #1

Plaintiff argues the existence of the MDOC policy concerning medical details, together with the undisputed fact that Defendant Lewis denied him his low-sodium diet for ten days, entitles him to summary judgment on his Eighth Amendment claim against Defendant Lewis. The Court finds no error in the Magistrate Judge's conclusion that the MDOC Defendants submitted evidence that Plaintiff had violated his diet on at least one occasion, creating a genuine issue of material fact as

to whether Plaintiff's request for a low-sodium diet was the product of a serious medical need or merely personal preference.

(b) Objection #2

Plaintiff next objects that the Magistrate Judge failed to consider his Eighth Amendment claim against Defendants Christiansen and Case for writing a false memorandum to Health Services stating Plaintiff had traded his low-sodium chicken for apple cobbler from the regular menu. The memorandum resulted in Plaintiff's diet being cancelled from February 23, 2005 until March 15, 2005, after which it was reinstated due to Plaintiff's serious symptoms of high blood pressure.

Plaintiff is correct that the Magistrate Judge's Report does not address Plaintiff's Eighth Amendment claims against Defendants Christiansen and Case for writing a false memorandum. The failure to address the claim, however, is entirely understandable, as the MDOC Defendants failed to move for summary judgment on that claim. As previously discussed, Defendants had the burden to point the Court to the absence of evidence on any element of a claim for which they sought summary judgment. *Celotex*, 477 U.S. at 323. Because they failed to meet their initial burden, Defendants Christiansen and Case are not entitled to summary judgment on Plaintiff's Eighth Amendment claims against them.

(c) Objection #3

Plaintiff asserts the Magistrate Judge erred in recommending that the Court grant summary judgment to Defendants Richardson and Tefft on Plaintiff's Eighth Amendment claims against them. The Court agrees with Plaintiff with respect to Defendant Richardson.

An Eighth Amendment claim has both an objective and subjective component. *Farmer*, 511 U.S. at 834. Under the objective prong of Eighth Amendment analysis, contemporary standards of

decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes*, 452 U.S. at 346). It unquestionably is true that the Eighth Amendment does not protect against "mere discomfort or inconvenience," *Talal v. White*, 403 F.3d 423, 426 (6th cir. 2005), but contemporary standards of decency are violated by "extreme deprivations" of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In sum, a prisoner must present evidence from which a reasonable tier of fact could conclude that the official acted with "deliberate indifference" by being subjectively aware of the risk to the prisoner's health or safety and disregarding that risk. *Id.* at 847.

The Magistrate Judge concluded she would "not second guess the judgment of prison officials who determined that legitimate security needs necessitated that prisoners remain in their cell for the brief time that it takes to complete a prisoner head count." (8/28/2008 Report at 13, Dkt. No. 113.) Further, relying on *Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999), and *Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001), the Magistrate Judge concluded that relatively short delays in permitting prisoners to use the bathroom were the sort of temporary deprivations that do not implicate the Eighth Amendment.

The Supreme Court has recognized that the "deprivation of bathroom breaks that created a risk of particular discomfort and humiliation," could, under some circumstances, implicate the Eighth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Both *Hartsford* and *Dellis* were decided before the Supreme Court's decision in *Hope*. In *Hartsford*, 199 F.3d at 310, the Sixth Circuit held that temporary denials of the opportunity to use a toilet are not cruel or unusual. The

plaintiff in *Hartsford* was held in top-of-bed restraints for 18 hours after he damaged his cell. The court concluded that the denial of access to a toilet for 18 hours would not rise to the level of an Eighth Amendment violation. *Id.* The *Hartsfield* conclusion is itself dicta, as the court expressly found that the defendants had presented unrefuted sworn testimony and records showing that plaintiff had been offered toilet breaks and that he took advantage of them at least once. Moreover, in reaching the decision, the court relied upon an unpublished order in which plaintiff did not complain about a denial of access to a toilet and in which the court expressly noted that plaintiff had had the opportunity to use the restroom during the time of confinement. *See Stephens v. Carter Cty. Jail*, No. 86-5565, 1987 WL 36997, at *1 (6th Cir. Apr. 10, 1987).

In *Dellis*, 257 F.3d at 511, the Sixth Circuit rejected a prisoner's Eighth Amendment claim based on allegations that he was "deprived of a lower bunk, was subjected to a flooded cell, and was deprived of a working toilet . . . ." *Id.* The *Dellis* court addressed a single instance of deprivation. Moreover, the plaintiff's allegations were that his toilet was not working, not that he could not use the toilet and was forced to soil himself.

Both *Dellis* and *Hartsford* describe single instances involving a temporary denial of access to a toilet. Here, Plaintiff's averments, if believed, show that Defendant Richardson repeatedly and maliciously denied Plaintiff access to a toilet during the count period, applying an interpretation of policy that other officers did not use, and that Defendant Richardson laughed at Plaintiff for urinating on himself in public. Plaintiff alleges Defendant Richardson's treatment resulted in Plaintiff experiencing substantial pain on numerous dates and urinating on himself on 11 occasions between January 18, 2006 and March 1, 2006. (Pl. Aff. ¶¶ 30, 31, 32, 37, 45, Dkt. No. 83.) Allegations of ongoing and repeated deprivations of basic human needs cannot be deemed, as a matter of law, to

be merely temporary inconveniences. If Plaintiff's proofs are to be believed, this sort of "punitive treatment amounts to gratuitous infliction of 'wanton and unnecessary' pain that our precedent clearly prohibits." *Hope*, 536 U.S. at 738 (quoting *Rhodes*, 452 U.S. at 346); *see also Tate v. Campbell*, 85 Fed. App. 413, 417 (6th Cir. 2003) (noting in dicta that "forcing a person in the custody or under the control of state authority to publicly soil themselves may create a constitutional violation") (citing *Glaspy v. Malicoat*, 134 F. Supp. 2d 890 (W.D. Mich. 2001)).

This Court also disagrees with the Magistrate Judge's conclusion that Plaintiff failed to present evidence that he suffered from a medical condition that necessitated he use the bathroom during the count. Plaintiff averred that he consulted with an infectious disease specialist, Dr. Hutchinson, on April 19, 2005, and Dr. Hutchinson determined Plaintiff to be qualified for anti-viral treatment of his Hepatitis C. Plaintiff avers that Dr. Hutchinson expressly instructed him to drink more than the normal amount of water in order to ease the side effects. Plaintiff also averred that, as the result of drinking such quantities of water, he needed to urinate frequently. (Pl. Aff., ¶¶ 22-23, Dkt. No. 83.) Plaintiff's affidavit is sufficient evidence of his medical need to withstand summary judgment.

For all these reasons, this Court concludes that, with respect to Plaintiff's allegations against Defendant Richardson, Plaintiff has presented sufficient evidence to withstand summary judgment on his Eighth Amendment claim.

Plaintiff's allegations and averments against Defendant Tefft, in contrast, are limited to a single occasion on which Defendant Tefft denied Plaintiff permission to use the bathroom. (Pl. Aff., ¶ 48. Dkt. No. 83.) This Court agrees with the Magistrate Judge that Plaintiff's allegations against

Defendant Tefft amount to a claim of temporary inconvenience that does not implicate the Eighth Amendment.

(d)  Objection #4

Plaintiff next objects to that portion of the Report in which the Magistrate Judge concluded Defendants Case and Richardson were entitled to summary judgment on Plaintiff's claims that the January 11, 2005 and January 20, 2006 misconduct tickets were retaliatory. Plaintiff was convicted of both misconducts. Upon review, this Court concludes that the Magistrate Judge correctly granted summary judgment to Defendants on both claims, although for different reasons.

The Supreme Court has held that a claim for declaratory relief and monetary damages, based upon allegations of deceit and bias on the part of the decision maker that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Court relied upon *Heck*, 512 U.S. at 486-87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges).

Plaintiff's claims that he was falsely charged and convicted of major misconducts written by Defendants Case and Richardson necessarily imply the invalidity of his misconduct convictions. *See*

*Ruiz v. Bouchard*, 60 Fed. App. 572, 573 (6th Cir. 2003) (First Amendment retaliation claim barred by *Heck* and *Edwards*); *Clemons v. Cook*, 52 Fed. App. 762, 763 (6th Cir. 2002) (claim that guard retaliated for the exercise of First Amendment rights was *Heck*-barred); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000) (prisoner's claim that his due process and Eighth Amendment rights were violated by false, retaliatory misconduct charges necessarily implies the invalidity of the guilty findings on the misconduct tickets). Plaintiff therefore must first show that his misconduct convictions have been invalidated before his § 1983 action will be cognizable. *Edwards*, 520 U.S. at 646.

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within 30 calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007). Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[3]

Plaintiff does not argue or show that his misconduct convictions have been invalidated. Accordingly, Plaintiff's retaliation claims against Defendants Case and Richardson for the misconduct tickets issued January 11, 2005 and January 20, 2006 are not presently cognizable.

---

[3] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

Defendants Case and Richardson therefore are entitled to dismissal of these two retaliation claims. *See Morris v. Cason*, 102 Fed. App. 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 Fed. App. 553, 555 (6th Cir. 2003) (same); *Harris v. Truesdell*, 79 Fed. App. 756, 758-59 (6th Cir. 2003) (same).

(e)    Objection #5

In his fifth objection, Plaintiff argues that the Magistrate Judge failed to address his claim that Defendant Richardson retaliated against him for filing the January 22, 2006 grievance by denying him permission to use the toilet on February 6, 14, 15, 22, and 24, 2006, and March 1, 2006. This Court agrees.

In order to prove a First Amendment claim of retaliation, a Plaintiff must show three elements: (1) plaintiff engaged in protected conduct; (2) and adverse action occurred that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In their motion, the MDOC Defendants make a two-sentence argument to the effect that neither making a prisoner wait until after prisoner count to use the bathroom nor issuing misconducts for violating prison rules about bathroom use or therapeutic diet constitute the sort of adverse action necessary to prove a retaliation claim.

Plaintiff, however, did not simply aver that he was being made to wait to use the bathroom until after count. Instead, he stated that Defendant Richardson intentionally made him wait under circumstances that caused him to experience significant pain and to urinate on himself repeatedly. The Court concludes that a reasonable finder of fact could conclude that a person of ordinary

firmness would be deterred from filing grievances by being forced to publicly urinate on himself. As a result, Defendant Richardson is not entitled to summary judgment on the claim.

(f)   Objection #6

Plaintiff asserts the Magistrate Judge failed to rule on his claim that, on February 10, 2005, Defendant Case retaliated against Plaintiff for filing a grievance against Case by inducing Defendant Christiansen to prepare a false memorandum about Plaintiff exchanging low-sodium food for regular menu food. The memorandum resulted in Plaintiff being removed from his special diet by Dr. Migliorino.

With respect to Defendant Christiansen, the Magistrate Judge found that Plaintiff had put forward sufficient facts to meet the first two elements of a retaliation claim: he was engaged in protected conduct and an adverse action had been taken against him. The Magistrate Judge determined, however, that Plaintiff had failed to demonstrate a genuine issue of fact on the existence of a causal connection between Plaintiff's grievance against Defendant Case and Defendant Christiansen's writing of the memorandum to Health Services. Plaintiff does not dispute the Magistrate Judge's conclusion with respect to Defendant Christiansen.

Plaintiff suggests, however, that the causal connection between Plaintiff's grievance against Defendant Case and Case's own participation in the false memorandum is significantly stronger. This Courts agrees. First, unlike with Defendant Christiansen, Plaintiff filed the grievance against Defendant Case personally. Second, Plaintiff and his witnesses provided affidavits stating that Plaintiff did not exchange low-sodium food for regular-diet food and that Defendant Case fabricated the claim. Third, Defendant Case took Plaintiff's name and ID and conveyed the alleged violation to Defendant Christiansen. Fourth, another prisoner, Dwight Brown, averred that Defendant Case

previously had threatened to retaliate against Plaintiff for his efforts to enforce his diet. (*See* Brown Aff., Dkt. No. 81-3.) Taken together, a reasonable finder of fact could conclude that Defendant Case's conduct was causally connected to Plaintiff's filing of a grievance.

        (g)      Objections ##7, 8

In his seventh objection, Plaintiff argues that the Magistrate Judge erred in concluding that Defendant Lowery was entitled to summary judgment on Plaintiff's due process claim.[4] In his eighth objection, Plaintiff contends that the Magistrate Judge erred in concluding that Defendant Haynie was entitled to summary judgment on all claims. This Court has reviewed the analysis of the Magistrate Judge on both issues and finds no error. Plaintiff's seventh and eighth objections therefore are denied.

        B.      Defendant Migliorino's Motion to Dismiss

Defendant Migliorino filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a complaint may be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the court need not

---

[4]Plaintiff does not object to the Report's recommendation regarding the claim against Defendant Jackson. Accordingly, the Magistrate Judge's recommended grant of summary judgment to Defendant Jackson is adopted.

accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).

Defendant Migliorino objects to the Magistrate Judge's determination that Plaintiff properly stated an Eighth Amendment claim against Defendant Migliorino. In substantial measure, Defendant Migliorino argues the Magistrate Judge erred on the basis of her purportedly contrary determination in the Report and Recommendation to grant the MDOC Defendants' Motion for Summary Judgment on the Eighth Amendment claims against Defendants Richardson and Tefft.

Defendant Migliorino's argument fails. Defendant Migliorino moved to dismiss the claim against him. Unlike the MDOC Defendants, he did not seek summary judgment. As a result, the Magistrate Judge was required to determine the issues solely on the basis of the pleadings, taking Plaintiff's allegations as true. In contrast, when considering the MDOC Defendants' Motion for Summary Judgment, the Magistrate Judge was required to look at the sufficiency of the evidence presented to the Court. Defendant Migliorino apparently does not understand the distinction between the standards, as reflected in his recitation of the summary judgment standard of review and his reliance upon summary judgment case law. (Def. Migliorino's Objs. at 11, Dkt. No. 114.)

Moreover, the Court has rejected the Magistrate Judge's conclusion that a prisoner being forced to endure urinary pain and to urinate on himself repeatedly cannot rise to the level of objective seriousness to implicate the Eighth Amendment. Further, contrary to Defendant Migliorino's suggestion in his objections, Plaintiff's allegations against Dr. Migliorino are that he was aware of

Plaintiff's medical need and ignored it, not that he treated Plaintiff, who simply disagreed with the treatment.

The Court has carefully considered Defendant Migliorino's objections and finds no error in the Report issued by the Magistrate Judge. His objections therefore will be denied.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff's Objections (Dkt. No. 121) are **GRANTED IN PART AND DENIED IN PART**, the MDOC Defendants' Objections (Dkt. No. 119) are **GRANTED IN PART AND DENIED IN PART**, and Defendant Migliorino's Objections (Dkt. No. 114) are **DENIED**. The Report of the Magistrate Judge issued August 22, 2008 (Dkt. No. 112) is **ADOPTED**. The Report of the Magistrate Judge issued August 28, 2008 (Dkt. No. 113) is **ADOPTED IN PART AND REJECTED IN PART** as set forth in this Opinion. Defendant Migliorino's Motion to Dismiss (Dkt. No. 93) is **DENIED**. The MDOC Defendants' Motion for Summary Judgment (Dkt. No. 58) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 55) is **DENIED**. An Order and Partial Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  
September 30, 2008

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE