UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,
        Plaintiff,

No. 1:07-cv-277

-v-

HONORABLE PAUL L. MALONEY

GARY LEWIS, et al.,
        Defendants.

## ORDER DENYING PLAINTIFF'S OBJECTION

This matter comes before the Court on Plaintiff Boles' objection (Dkt. No. 164) to Magistrate Judge Ellen S. Carmody's Order (Dkt. No. 160) denying Plaintiff's renewed motion for appointment of counsel.

Rule 72(a) allows a party to object to a ruling by a Magistrate Judge by filing objections in the District Court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the "clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

Plaintiff Boles asserts the Magistrate Judge's order is "contrary to law where her decision is based on clearly erroneous factual findings." (Objection at 3.) Plaintiff has not identified any portion of the order that is contrary to law. The Magistrate Judge correctly summarized the factors a court must consider when deciding whether to appoint counsel in this situation. Plaintiff has not persuaded this Court the order is clearly erroneous. To quote from this Court's prior order (Dkt. No. 139) denying Plaintiff's objection to the first order denying Plaintiff's first motion for appointment of counsel, "this action is not factually complex." The addition of Defendant's expert witnesses does not shift the balance of factors in Plaintiff's favor. Plaintiff has access to their reports. Plaintiff's incarceration, combined with the legal and factual issues involved, does not establish the sort of exceptional circumstances warranting appointment of counsel.

Date:  July 6, 2009                              /s/ Paul L. Maloney  
                                                                   Paul L. Maloney  
                                                                  Chief United States District Judge