UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,
   Plaintiff,

                No. 1:07-cv-277

-v-

                HONORABLE PAUL L. MALONEY

GARY LEWIS, et al.,
   Defendants.

## ORDER GRANTING PLAINTIFF'S OBJECTION

This matter comes before the Court on Plaintiff Boles' objection (Dkt. No. 167) to an order of the Magistrate Judge (Dkt. No. 162) denying Plaintiff's motion for costs and sanctions (Dkt. No. 156).

Rule 72(a) allows a party to object to a ruling by a Magistrate Judge by filing objections in the District Court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the "clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

On February 4, 2009, this Court issued a case management order (Dkt. No. 142 - CMO) establishing a schedule for orderly progression of the case. Included in that CMO was a date, March 3, 2009 for Rule 26(a)(1) disclosures. On March 23, 2009, Plaintiff filed a "second motion to compel discovery" (Dkt. No. 145) requesting the Court compel Defendants to make their Rule 26(a)(1) disclosures. Defendants Lewis, Case, Christiansen, and Richardson responded to the motion arguing only that prisoner *pro se* civil rights actions are exempt from Rule 26 disclosures under FED. R. CIV. P. 26(a)(1)(B)(iv). Defendant Migliorino did not file a response. The Magistrate Judge granted (Dkt. No. 148) Plaintiff's motion, explaining under Rule 26(a)(1)(A)[1], the CMO overrides the general exemption found in Rule 26(a)(1)(B)(iv).

Plaintiff Boles then filed a motion (Dkt. No. 156) for costs and sanctions under Rule

---

[1] "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide . . ." FED. R. CIV. P. 26(a)(1)(A).

2

37(a)(4)(A)[2] and Rule 37(b).[3] Defendants Lewis, Case, Christiansen, and Richardson filed a response (Dkt. No. 159) alleging a good faith basis for their conduct. Defendants explained they understood the date in the CMO not as an order to file disclosures, but as a due date should disclosures be appropriate. Defendants analogized the CMO date for Rule 26 disclosures to the due dates for disclosures of expert witnesses and amended pleadings, neither of which are mandatory filings. The Magistrate Judge denied (Dkt. No. 162 - 6/8/09 Order) Plaintiff's motion explaining that there was nothing sanctionable in Defendant's conduct and reasoning "sanctions and costs are not appropriate simply because a party prevails on a particular motion." (6/8/09 Order.)

Plaintiff objects. Plaintiff argues costs should have been awarded as he was the prevailing party. Plaintiff does not specifically object to the conclusion that Defendants' conduct was not

---

[2] Plaintiff, a prisoner under the control of the Michigan Department of Corrections, appears to be using a copy of the Federal Rules of Civil Procedure from 2007 or earlier. Rule 37 was amended and rearranged in 2008 so that the provision for payment of expenses related to discovery motions was moved from subsection (a)(4)(a) in 2007 to (a)(5)(a) in 2008. The current version of the rule provides

(A) *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving opportunity to be heard, required the party or deponent whose conduct necessitated the motion, the party or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
  (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
  (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
  (iii) other circumstances make an award of expenses unjust.
Fed. R. Civ. P. 37(a)(5)(A).

[3] Rule 37(b) outlines possible sanctions for failure to comply with a court order.

sanctionable.[4]

When a discovery motion is granted, Rule 37(a)(5)(A) provides the court *must* order payment of the moving party's reasonable expenses, *unless* one of three conditions exist: (1) the moving party did not attempt, in good faith, to resolve the issue with the other party prior to filing its motion; (2) the nonmoving party's conduct was substantially justified; or (3) circumstances make the award of expenses unjust. Neither of the first two conditions are present. Defendants have not asserted that Plaintiff did not attempt, in good faith, to obtain the disclosures before filing his motion. Indeed, Plaintiff sent a letter reminding Defendants of their obligations under the CMO. (*See* Dkt. No. 156-2 - 3/12/09 Letter to Plaintiff.) Defendants argue their lack of disclosure was in good faith because of their interpretation of the rules of procedure. Defendants' misinterpretation of the rule does not create a situation where the award of costs would be unjust.

Plaintiff is entitled to costs unless Defendants' conduct was "substantially justified." Under Rule 37(a)(5)(A)(ii), the phrase "substantially justified" has been interpreted to mean "it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In the CMO, this Court specified the day Rule 26 disclosures were due. As explained by the Magistrate Judge, the exceptions under subsection (a)(1)(B) do not apply when a court order has been entered. Defendants have not offered any authority suggesting a genuine dispute over the proper interpretation of Rule 26. This Court finds reasonable people would not differ as to the appropriate

---

[4]To be clear, this Court interprets Plaintiff's objection as appealing only the denial of costs under Rule 37(a)(A)(5) and not the denial of sanctions under Rule 37(b)

4

interpretation of Rule 26.

Defendants' failure to provide their Rule 26 disclosures was not substantially justified in this situation. Defendants' analogy to disclosure of expert witnesses and the deadline for amended complaints is unpersuasive. A party is required to identify expert witnesses only if it intends to present the witness at trial. FED. R. CIV. P. 26(a)(2)(A). A party must submit a motion for leave to file an amended complaint only if that party wishes to amend the complaint. *See* FED. R. CIV. P. 15(a). The decision to file either an expert witness list or an amended complaint is left to the discretion of each party. In contrast, the parties do not have discretion to choose whether to file Rule 26 disclosures. Once the court ordered disclosures by a certain date, both parties were obligated to do so.

The Magistrate Judge's order was clearly erroneous. When a motion for discovery is granted, the prevailing party is generally entitled to the costs incurred for having to bring the motion. *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981) (per curiam); *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1124 (6th Cir. 1976). The award of costs is the norm, rather than the exception. *Eastern Maico Distribs. v. Maico-Fahrzeugrabrik*, 658 F.2d 944, 949 n. 4 (3d Cir. 1981) (citing FED. R. CIV. P. 37 advisory committee's note 1970 amendment subdivision (a)(4)). Defendants' conduct need not arise to a sanctionable level before costs are awarded; rather costs should be awarded unless one of the three exceptions apply. A misinterpretation of the court rules does not create a situation where one is substantially justified in failing to provide discovery required by a court order.

For these reasons, Plaintiff's objection (Dkt. No. 167) is **GRANTED.** The Magistrate Judge's order (Dkt. No. 162) is **VACATED.** Plaintiff's motion for costs is **REMANDED** to the Magistrate Judge for disposition of Plaintiff's motion consistent with this order. **IT IS SO ORDERED.**

Date: July 7, 2009 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge