UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,
          Plaintiff,

                                  No. 1:07-cv-277

-v-

                         HONORABLE PAUL L. MALONEY

GARY LEWIS, et al.,
          Defendants.

<u>ORDER OVERRULING PLAINTIFF'S OBJECTION</u>

This matter comes before the Court on an objection (Dkt. No. 178) filed by Plaintiff Boles.

Plaintiff, a prisoner under the control of the Michigan Department of Corrections (MDOC), objects

to an order (Dkt. No. 168) issued by the assigned Magistrate Judge. Rule 72(a) allows a party to

object to a ruling by a Magistrate Judge by filing objections in the District Court where the case is

assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

law." *Id.*

Plaintiff Boles filed a motion (Dkt. No. 154) for a protective order after the attorney for the

MDOC Defendants appeared at a deposition of Plaintiff scheduled and noticed by the attorney for

Defendant Migliorino. Plaintiff asserts he objected to being deposed by the attorney for the MDOC

Defendants because he had not been given proper notice of deposition by that attorney. The

Magistrate Judge denied (Dkt. No. 168) Plaintiff's motion, finding Plaintiff was not prejudiced by

the lack of notice because the attorney for Defendant Migliorino was entitled to question Plaintiff

on any relevant matter relating to the allegations in the complaint and not just those matters

implicating Defendant Migliorino.

Plaintiff Boles' objection states the Magistrate Judge's findings are clearly erroneous for two reasons. First, Plaintiff asserts his motion requests a protective order against the MDOC Defendants only so the questions asked by the attorney for Defendant Migliorino are irrelevant. Second, Plaintiff states, contrary to the findings of the Magistrate Judge, he was not actually deposed by the attorney for the MDOC Defendants.

Plaintiff Boles' objection lacks merit. Plaintiff has neither asserted nor established the Magistrate Judge's order was contrary to law. *See Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). Plaintiff has not established the order was clearly erroneous. *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) and *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001). The Magistrate Judge found Plaintiff suffered no prejudice because the attorney who provided proper notice of deposition was entitled to ask Plaintiff about all matters relevant to the complaint. Plaintiff now explains, for the first time, that the attorney for the MDOC Defendants never asked him questions. If Plaintiff suffers no prejudice assuming the attorney for the MDOC attorney asked him questions at the end of his deposition by Defendant Migliorino, then Plaintiff certainly suffers no prejudice when the attorney for the MDOC does not ask questions at the end of the deposition.

Plaintiff Boles' objection (Dkt. No. 178) is **OVERRULED. IT IS SO ORDERED.**


Date:   July 15, 2009                                   /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge