UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,

        Plaintiff,                                Hon. Paul L. Maloney

v.                                                    Case No. 1:07 CV 277

GARY LEWIS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendants Lewis, Case, Christiansen, and Richardson's Motion to Dismiss for Failure to Cooperate in Discovery</u>. (Dkt. #175). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied in part and granted in part**.

**BACKGROUND**

Plaintiff initiated this action on March 19, 2007, against numerous Defendants asserting that they violated his rights under the First and Eighth Amendments, as well as his right to substantive and procedural due process. (Dkt. #1). Plaintiff's claims against several Defendants were dismissed on September 30, 2008. (Dkt. #123-24). On October 14, 2008, Defendant Migliorino moved the Court for authorization to depose Plaintiff. (Dkt. #126). Defendant's motion was granted. (Dkt. #129). Defendant Migliorino subsequently notified Plaintiff that he would be deposed on April 29, 2009. (Dkt. #154, Exhibit 1).

On April 29, 2009, counsel for Defendant Migliorino, Kimberly Koester, traveled to the facility in which Plaintiff was then incarcerated to take Plaintiff's deposition. (Dkt. #154, 176). Counsel for Defendants Lewis, Case, Christiansen, and Richardson, Clifton Schneider, also attended this deposition with the intent to also depose Plaintiff. (Dkt. #154, 176). There is no evidence that Schneider notified Plaintiff that he would also be participating in the April 29, 2009 deposition. Plaintiff answered Koester's questions, but objected to Schneider's attempt to depose him on the ground that Schneider had failed to provide notice that he would also be participating in the deposition. (Dkt. #154, 176).

On May 8, 2009, Plaintiff filed a Motion for Protective Order, (dkt. #154), because Schneider did not provide proper notice of his intent to depose Plaintiff on April 29, 2009. The undersigned denied Plaintiff's motion, observing that

> While it may have been preferable for counsel for the MDOC defendants to notify Plaintiff of his intent to depose him on the date in question, the Court fails to discern how Plaintiff was prejudiced by counsel's failure in this regard. Plaintiff's motion rests on the belief that Defendant Migliorino's attorney was only permitted to question him about matters involving her client, whereas only counsel for the MDOC defendants was permitted to question him about matters involving his clients. This is an inaccurate assumption. Defendant Migliorino's counsel was entitled to question Plaintiff about any relevant matter concerning the allegations in Plaintiff's complaint, even matters which only involved or implicated the MDOC defendants. That such questioning was apparently conducted by counsel for the MDOC defendants rather that Defendant Migliorino's attorney is of no consequence.

(Dkt. #168).

Plaintiff objected to this decision. (Dkt. #178). The Honorable Paul L. Maloney rejected Plaintiff's objections. (Dkt. #180). Defendants Lewis, Case, Christiansen, and Richardson now move

to dismiss this matter for Plaintiff's failure to subject himself to deposition by Schneider on April 29, 2009. The Court finds that such extreme relief is not warranted.

In support of their motion, Defendants rely on Federal Rule of Civil Procedure 41(b) which provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." When evaluating a motion to dismiss under Rule 41(b), the Court must consider the following factors: (1) whether the party's conduct is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Knoll v. American Telephone and Telegraph*, 176 F.3d 359, 363 (6th Cir. 1999). While none of these factors is dispositive, a case "is properly dismissed. . .where there is a clear record of delay or contumacious conduct." *Id.*

An examination of these factors reveals that dismissal is not appropriate. Defendants have not been prejudiced by Plaintiff's conduct. The Court has granted Defendants' request to extend the deadline for filing dispositive motions to afford Defendants an opportunity to depose Plaintiff. (Dkt. #194). Plaintiff was not forewarned that failure to answer Schneider's questions could result in dismissal. Finally, while Plaintiff willfully refused to answer Schneider's questions, the Court finds that Plaintiff's rationale for doing so, while incorrect, was not unreasonable.

As Plaintiff correctly notes, Defendants Lewis, Case, Christiansen, and Richardson never requested authorization to depose Plaintiff and did not provide Plaintiff with notice that Schneider would also be attending the April 29, 2009 deposition. It would not be unreasonable for a layperson such as Plaintiff to interpret the Court's October 20, 2008 Order as only authorizing Defendant Migliorino to

depose Plaintiff. Such an interpretation may not be correct, but, in the Court's estimation, it is no more unreasonable than Defendants Lewis, Case, Christiansen, and Richardson's unsuccessful attempt to avoid participating in discovery by taking the position that they were not required to comply with the Court's Case Management Order expressly ordering them to comply with the requirements of Federal Rule of Civil Procedure 26(a)(1). (Dkt. #148).

Defendants also seek costs and attorney fees associated with this particular incident. Specifically, Defendants seek reimbursement for the travel expenses (mileage) incurred to attend the April 29, 2009 deposition. Defendants also seek reimbursement for four hours attorney time, three hours associated with attending the April 29, 2009 deposition and one hour to draft the present motion. (Dkt. #176, Exhibit A). The Court recommends that Defendants' request be granted in part and denied in part. The Court finds Defendants' request for travel expenses ($67.83) and attorney time ($81.06) incurred on April 29, 2009, to be reasonable and compensable. However, the Court concludes otherwise with respect to the one hour spent preparing the present motion to dismiss. *See* Fed. R. Civ. P. 37. Accordingly, the Court recommends that Plaintiff be ordered to reimburse Defendants $148.89 in fees and costs.

## **CONCLUSION**

As discussed herein, the undersigned recommends that Defendants' motion to dismiss be **denied**. The Court further recommends that Defendants' motion for fees and costs be **granted in part and denied in part**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 31, 2009

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge