UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,
        Plaintiff,

No. 1:07-cv-277

-v-

HONORABLE PAUL L. MALONEY

GARY LEWIS, ET AL.,
        Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on a report and recommendation (Dkt. No. 201) filed by the magistrate judge. Defendants Lewis, Case, Christiansen, and Richardson filed a motion (Dkt. No. 175) to dismiss for Plaintiff's refusal to answer questions at a deposition. As an alternative, Defendants request costs and fees. The magistrate judge succinctly details the relevant history giving rise to this discovery dispute and accurately outlines the relevant law. The magistrate judge recommends denying the motion to dismiss and recommends granting in part and denying in part the alternative motion for costs and fees. Plaintiff timely filed his objection.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United

States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

Plaintiff reiterates the arguments he raised in his response to Defendants' motion. He first asserts the recommendation is contrary to law. Plaintiff reasons sanctions cannot be imposed because he was physically present at the deposition, answered questions, and he did not violate any court order. Plaintiff then asserts the recommendation is an abuse of discretion because these Defendants failed to seek leave to depose him and never gave notice of their intent to depose him.

This Court finds the R&R well reasoned and therefore adopts the R&R as the opinion of this court. Contrary to Plaintiff's assertion, Rule 30 of the Federal Rules of Civil Procedure does not require each and every party who seeks to attend a scheduled deposition to request leave of the court and to file notice of the deposition. The purpose of the notice requirement in Rule 30(b)(1) is to give all other parties notice of the deposition so that they may attend and cross examine the person being deposed. 8A CHARLES ALLEN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE §2106 (2d ed. 1994). *See also Spaeth v. Warner Bros. Pictures*, 1 F.R.D. 729, 731 (S.D.N.Y 1941).

Plaintiff's conduct violated Rule 30 of the Federal Rules of Civil Procedure. At his deposition, Plaintiff refused to answer questions posed by counsel for these Defendants. Plaintiff should have placed his objection on the record and then answered the questions posed. *See* Fed. R.

Civ. P. 30(c)(2) ("[a]n objection at the time of the examination – . . . to a party's conduct, . . . –must be noted on the record, *but the examination still proceeds.*") (alteration and emphasis added). A deponent may refuse to answer questions "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* During a deposition, a party may move to limit or terminate the deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent. FED. R. CIV. P. 30(d)(3)(A). Plaintiff has not asserted a privilege and has not referenced any limitation ordered by the court. Plaintiff cannot establish the deposition was conducted in bad faith or in a manner that unreasonably annoyed, embarrassed or oppressed him.

As a result, Defendants Lewis, Case, Christiansen, and Richardson are entitled to reasonable costs and fees as recommended by the magistrate judge.

**IT IS HEREBY ORDERED**,

1. The report and recommendation (Dkt. No. 201) is **ADOPTED OVER OBJECTIONS** as the opinion of this Court.

2. Defendants Lewis, Case, Christiansen, and Richardson's motion (Dkt. No. 75) is **GRANTED IN PART and DENIED IN PART.** Defendants are not entitled to have the action dismissed against them. Defendants are awarded travel costs ($67.83) and attorney fees ($81.06) associated with attending the deposition.

Date:   September 22, 2009              /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief, United States District Judge