UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. BOLES,
        Plaintiff,

No. 1:07-cv-277

-v-

HONORABLE PAUL L. MALONEY

GARY LEWIS, ET AL.,
        Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Robert Boles, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint under 42 U.S.C. § 1983 alleging various individuals violated his rights protected under the Eighth Amendment. Defendant Robert Migliorino, D.O., filed a motion for summary judgment (Dkt. No. 185) asserting Plaintiff could not establish, against Defendant Migliorino, either the objective or subjective prong of a claim for deliberate indifference to a serious medical need. The magistrate judge issued a report (Dkt. No. 222) recommending the motion be granted and Plaintiff's claims against Defendant Migliorino be dismissed. Plaintiff filed objections. (Dkt. No. 237.) Defendant Migliorino filed a response (Dkt. No. 239) to Plaintiff's objections.

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the

---

[1] After the report issued and the objections filed, the statute and rule were amended to afford parties up to fourteen days to file objections. Plaintiff moved for and received two extensions of time to file his objections. The objections were timely filed within the extended deadline.

R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

Plaintiff argues Defendant Migliorino violated his rights under the Eighth Amendment when Defendant Migliorino refused to provide him a medical detail to use the bathroom during prisoner count. The magistrate judge succinctly and accurately outlines the necessary elements a plaintiff must establish to prove a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Plaintiff does not object to the magistrate judge's recitation of the elements of the claim. Plaintiff objects to the magistrate judge's evaluation of the evidence presented. The court has reviewed the issues presented in the report and recommendation *de novo*.

    A. Objective Prong (Objection 1)

The magistrate judge concludes Plaintiff failed to establish a serious risk of harm resulting from Defendant Migliorino's failure to provide him with a medical detail. Plaintiff objects, asserting

that his medical condition required him to have access to a bathroom during the prisoner count.

Plaintiff's first objection is OVERRULED. This portion of the report is ADOPTED as the opinion of this court. Plaintiff has presented no evidence that the bathroom restriction during prison count constitutes a substantial risk of serious harm. For this purpose of this objection, this court assumes, as did the magistrate judge, that Plaintiff was ordered by Dr. Hutchinson to drink a larger than normal amount of water to counter the side effects of the medication for hepatitis. Furthermore, this court also assumes Plaintiff had to urinate more frequently than usual because of the extra water he was drinking. Neither of these facts establishes the medical need for the requested accommodation or that the failure to grant such an accommodation violates Plaintiff's constitutional rights. Plaintiff's best evidence for the objective prong is that the up to 45 minute wait to use the bathroom was painful and that he urinated on himself when he was not afforded access to a bathroom. Such evidence does not establish a genuine issue of material fact that the failure to give him a medical detail constitutes a substantial risk of serious harm. There is no evidence in the record, presented or presumed, that the temporary restriction on bathroom privileges resulted in unsanitary conditions or interfered with his hepatitis treatment. The additional water intake was to ease the side effects of Plaintiff's hepatitis treatment; the water was not part of Plaintiff's hepatitis treatment.

Assuming, for the sake of argument only, that Plaintiff can establish the objective prong, Defendant is still entitled to summary judgment as Plaintiff cannot establish the subjective prong of his deliberate indifference claim.

B. Subjective Prong (Objection 2)

The magistrate judge concludes Plaintiff has not established that Defendant knew of, and

disregarded, an excessive risk to Plaintiff's health or safety by refusing to provide Plaintiff with the requested medical detail. Plaintiff objects. For the purpose of the subjective prong of Plaintiff's claim, the court assumes Defendant was aware of Plaintiff's hepatitis treatment and that Plaintiff consumed an above normal amount of water each day as the result of his hepatitis treatment.

Plaintiff's objection is OVERRULED. This portion of the report is ADOPTED as the opinion of this court. Plaintiff's reliance on *Carter v. City of Detroit*, 408 F.3d 305 (6th Cir. 2005) and *Garretson v. City of Madison Heights*, 407 F.3d 789 (6th Cir. 2005) is misplaced. In both of those cases, the defendant officers were made aware that the detainee plaintiffs had medical conditions that were potentially life threatening, had not taken their required medications, and were experiencing obvious symptoms. This case is readily distinguishable. Plaintiff's urgent need to use the bathroom was not a life threatening medical condition. Furthermore, Defendant made a common sense suggestion to Plaintiff by which Plaintiff could avoid the situation of which he complains. Defendant Migliorino suggested Plaintiff urinate after the warning was given that the prison count was about to occur. (Dkt. No. 185-6, Ex. D to Defendant's motion - Excerpts of Pl. Med Records , PgID 1634.) Defendant Richardson averred that a warning is given at least five minutes before a prison count is taken. (Dkt. No. 61-5, Ex. 4 to Motion for Summary Judgment - Richardson Aff. ¶ 6.) Defendant Tefft avered prisoners are usually given a ten minute warning before prison count. (Dkt. No. 71 - Tefft Aff. ¶ 5.) Defendant Migliorino referenced both affidavits in his motion for summary judgment. (Dkt. No. 185 - Def. Mot. at 4 n. 1.) Plaintiff admitted at his deposition that he had the opportunity to go to the bathroom before count. (Dkt. No. 185-7, Ex. 6 to Def. Mot. - Pl. Dep. at 21-22.)

The court agrees with the magistrate judge that Plaintiff has not demonstrated that Defendant

4

knew or should have known that his failure to provide Plaintiff with the requested bathroom accommodation would subject Plaintiff to an excessive risk of harm.

**CONCLUSION**

Having reviewed the record *de novo*, the report and recommendation is ADOPTED, over objections, as the opinion of this court. Plaintiff has failed to establish a genuine issue of material fact regarding his Eighth Amendment claim against Defendant Migliorino. Plaintiff has not demonstrated that he has a serious medical condition which requires him to be able to use the bathroom on demand such that a bathroom detail was required. Plaintiff has also failed to demonstrate that Defendant Migliorino knew or should have known that his refusal to provide Plaintiff with a bathroom detail subjected Plaintiff to an excessive risk to his health or safety. Accordingly, Defendant Migliorino's motion for summary judgment is GRANTED.

For these reasons, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 222) is **ADOPTED**, over objections, as the opinion of this court;

2. Defendant Robert Migliorino's motion for summary judgment (Dkt. No. 185) is **GRANTED.** Plaintiff's claims against Defendant Migliorino are **DISMISSED WITH PREJUDICE.**

3. Plaintiff's motion to compel (Dkt. No. 140) is **DISMISSED AS MOOT.**

4. Defendant Migliorino's motion for protective (Dkt. No. 143) order is **DISMISSED AS MOOT.**

5. With regard to Defendant Migliorino, this action is **TERMINATED.**

Date: August 20, 2010      /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge