UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. BOLES,
   Plaintiff,

             No. 1:07-cv-277

-v-

             HONORABLE PAUL L. MALONEY

GARY LEWIS, ET AL.,
   Defendants.

ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION OVER OBJECTIONS

  Plaintiff Robert Boles, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint under 42 U.S.C. § 1983 alleging various individuals violated his civil rights. Defendant Gary Lewis, Defendant Daniel Case, Defendant John Christiansen, and Defendant Michael Richardson (Defendants) filed a motion for summary judgment. (Dkt. No. 215.) Plaintiff filed a response. (Dkt. No. 234.) The magistrate judge issued a report (Dkt. No. 241) recommending the motion be granted in part and denied in part. Plaintiff filed an objection. (Dkt. No. 242. Defendants also filed an objection. (Dkt. No. 244.)

**STANDARD OF REVIEW**

  After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is

on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

The legal and factual bases for the various claims at issue are outlined in the report and recommendation and will not be repeated here. Against these Defendants, Plaintiff alleges both violations of his rights under the Eighth Amendment and retaliation in violation of his rights under the First Amendment.

A. Eighth Amendment Claim Against Defendant Lewis

The magistrate judge recommends denying Defendants' motion for summary judgment on this claim. Defendants object (Def. Obj. No. 1) to this recommendation. Defendants assert three distinct arguments. First, Defendants contend Lewis is entitled to qualified immunity on this claim because he did not violate clearly established law. Defendants' objection based on qualified immunity is OVERRULED. As outlined in the report and recommendation, the law was sufficiently established well before the events giving rise to this action occurred. Furthermore, Defendants' objection on this point fails to provide any reasons why the magistrate judge's conclusion was improper.

Defendants' two other objections relate to Plaintiff's conduct. It should be noted that neither of these objections dispute the objective prong of Plaintiff's Eighth Amendment claim; Plaintiff had a serious medical condition such that a doctor prescribed a low sodium diet for him. Neither of these objections dispute the subjective prong of Plaintiff's Eighth Amendment claim; Defendant Lewis was subjectively aware that Plaintiff had been ordered to follow a low sodium diet by a doctor. Defendants argue Plaintiff failed to mitigate his damages because he could have sought a diet detail from his new institution, rather than relying on the detail from his previous institution. Defendant argues, at best, his conduct violated a prison rule, not the United States Constitution. This objection is OVERRULED. Whether Plaintiff could have kited the health care unit to receive a medical detail from the new institution may be relevant to damages, but is not relevant to either the objective or subjective prongs of his Eighth Amendment claim against Defendant Lewis. There was no need to kite health care until after Defendant Lewis refused to honor the detail from Plaintiff's previous institution. Defendant's objection here may impact the damages Plaintiff may receive, but the objection does not require Plaintiff's claim to be dismissed.

Defendants also argue the affidavit of Patricia Ward, a registered dietician employed by MDOC, establishes that Plaintiff had not suffered any injury as the result of Defendant Lewis' conduct. This objection is OVERRULED. As explained in the report and recommendation, a genuine issue of fact exists whether the regular low sodium meal options were sufficient based on the detail prescribed by a doctor. Whether Plaintiff violated his diet through purchases at the prison store is also a genuine issue of fact. The magistrate judge also explained that whether Plaintiff's store purchases violated his diet does not impact either the subjective or objective prongs of Plaintiff's claim against Defendant Lewis. Defendants' objection here may again minimize any

damages, but the objection does not require Plaintiff's claim to be dismissed.

For these reasons, this portion of the report and recommendation is ADOPTED, over objections, as the opinion of this court.

B. Eighth Amendment Claim Against Defendant Richardson

The magistrate judge recommends granting Defendants' motion for summary judgment on this claim. Plaintiff objects (Pl. Obj. No. 1) to this recommendation. Plaintiff's objection is OVERRULED. The magistrate judge accurately and fairly described the law concerning the Eighth Amendment.[1] Even if Plaintiff could establish the objective prong of his Eighth Amendment claim, Plaintiff cannot establish the subjective prong. When Plaintiff requested a medical detail to use the bathroom, his request was denied by the medical staff. Therefore, Defendant Richardson's decision to deny Plaintiff access to the bathroom was not a decision made with knowledge of an excessive risk to Plaintiff's health or safety. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

C. Eighth Amendment Claim Against Defendants Case and Christiansen

The magistrate judge recommends granting Defendants' motion for summary judgment on

---

[1] Plaintiff argues the Honorable Richard Enslen previously ruled against Defendant Richardson on this issue. It is not clear that the law of the case doctrine is at issue here. Defendant Richardson did not clearly address the subjective prong of Plaintiff's claim in the prior motion. Even if applicable, the law of the case doctrine is not absolute and a court has the power to revisit a prior decision. *United States v. Anglin*, 601 F.3d 523, 527 (6th Cir. 2010). Courts generally will not depart from an earlier decision "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988)). As explained in the report and recommendation, *Hope v. Pelzer*, 536 U.S. 730 (2002), the opinion on which Judge Enslen primarily relied, does not readily support Plaintiff's claim that the deprivation of the use of the bathroom, standing alone, is sufficient to state a claim under the Eighth Amendment.

4

this claim. Neither party has an objection to this recommendation. Accordingly, this portion of the magistrate judge's report is ADOPTED as the opinion of this court.

D. Retaliation Claim Against Defendant Case

The magistrate judge recommends denying Defendants' motion for summary judgment on this claim. Defendants object (Def. Obj. No. 2) to this recommendation. Plaintiff also objects (Pl. Obj. No. 2) to a portion of the magistrate judge's report. Both objections call the court's attention to the portion of the report that references a misconduct issued on January 11, 2005 and a "processed turkey" incident on December 22, 2004. Both objections are GRANTED. The report and recommendation does not address the incident at issue in Defendants' motion. The retaliation claim at issue is the "meatloaf" incident that occurred on February 10, 2005. (Def. Mot. at 1; Compl. ¶¶ 77-90.) Accordingly, the factual portion of the report on this claim is REJECTED. The magistrate judge correctly outlines the legal standard for a retaliation claim and neither party objects to the magistrate judge's recitation of the governing law.

The court reviews Defendants' motion on the retaliation claim against Defendant Case *de novo*. On February 10, 2005, Defendant Christiansen wrote a memo to health care which caused Plaintiff to lose his low sodium diet detail. Defendant Christiansen alleges he observed Plaintiff trade his special diet chicken for another prisoner's meatloaf. Defendant Case asserts Defendant Christiansen wrote the "meatloaf memo" that caused Plaintiff to be taken off his low sodium diet. In the motion here, Defendant Case argues he was not personally involved in causing Plaintiff to lose his diet detail. In his complaint, Plaintiff claims it was Defendant Case who initiated the entire meatloaf incident by challenging Plaintiff in the chow hall, taking Plaintiff's identification card and then relating the entire incident to Defendant Christiansen. (Compl. ¶ 88.) Defendant Christiansen's

affidavit, in which he claims to have seen Plaintiff trade meatloaf with another prisoner and further claims he was unaware of the grievance filed against Defendant Case, does not entitle Defendants to summary judgment on this retaliation claim. Judge Enslen carefully described the evidence presented by Plaintiff on this retaliation claim. (Dkt. No. 123 at 15-16.) The evidence presented creates a genuine issue of material fact precluding Defendants' motion for summary judgment. On these facts, Defendant Case is not entitled to qualified immunity. With regard to Plaintiff's claim for retaliation against Defendant Case involving events that occurred on February 10, 2005, Defendants' motion is DENIED.

E. Retaliation Claims Against Defendant Richardson

The magistrate judge recommends denying Defendants' motion for summary judgment on these claims. Defendants object (Def. Obj. Nos. 3 and 4) to this recommendation. Defendant Richardson asserts he is entitled to qualified immunity on the retaliation claim because he did not violate clearly established law. (Def. Obj. at 3.) Defendants' qualified immunity objection is OVERRULED. As stated in the report and recommendation, the law was sufficiently established well before the events giving rise to this action occurred. Furthermore, Defendants' objection on this point fails to provide any reasons why the magistrate judge's conclusion was improper.

Defendants object to the magistrate judge's conclusion that there exists a genuine issue of material fact whether denial of bathroom privileges can constitute an adverse action. Defendants' objection is OVERRULED. The repeated denial of bathroom privileges, such as alleged by Plaintiff, is not so inconsequential as to be *de minimus*. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Therefore, the court agrees with the recommendation of the magistrate judge that the issue should be resolved by a jury.

Defendants also object to the conclusion that the retaliation claims arising from misconducts issued on February 28 and March 1, 2006 should proceed. Defendants argue the magistrate judge overlooked the new evidence presented, Bradley Haynie's affidavit, that establishes that Defendant Richardson would have taken the same action even in the absence of the alleged protected conduct. Defendants' objection is OVERRULED. Haynie's affidavit is remarkably devoid of dates during which the various conversations occurred. Mr. Haynie describes conversations that occurred "sometime around January," "on a couple of occasions," "within a week," and "shortly after." (Ex. E to Def. Mot. - Haynie Affidavit.) Haynie's affidavit and Plaintiff's affidavit (Dkt. No. 83), referred to by Judge Enslen in the prior order denying Defendants' motion for summary judgment, cannot be factually reconciled. Therefore, there continues to be a genuine issue of material fact whether Defendant Richardson would have taken the same action in the absence of the alleged protected conduct.

For these reasons, this portion of the report is ADOPTED as the opinion of the court.

CONCLUSION

As explained above, the report and recommendation is ADOPTED IN PART and REJECTED IN PART. Plaintiff's Eighth Amendment claims against Defendant Lewis can proceed to trial. Plaintiff's Eighth Amendment claims against Defendants Richardson, Case and Christianen are dismissed. Plaintiff's retaliation claims against Defendants Case and Richardson can proceed to trial.

ORDER

For the reasons outlined in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 241) is **ADOPTED IN PART and REJECTED IN PART;**

2. Defendants' motion for summary judgment (Dkt. No. 215) is **GRANTED IN PART and DENIED IN PART;**

3. Plaintiff's Eighth Amendment claims against Defendants Richardson, Case and Christiansen are **DISMISSED WITH PREJUDICE.**


Date:  August 20, 2010  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge